IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FABIAN GREYER,
R09438,
        Plaintiff,

    vs.                                                                Case No. 17-cv-1133-NJR

UNKNOWN PARTY,

        Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

    Plaintiff Fabian Greyer, an inmate currently housed at Dixon Correctional Center ("Dixon"), filed this *pro se* action directing claims against officials at two different Illinois prisons: (1) Graham Correctional Center ("Graham") and (2) Pinckneyville Correctional Center ("Pinckneyville"). The claims that arose during Plaintiff's incarceration at Graham (Counts 1 through 8) were severed into a new action pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, the only claims remaining in the instant action were the claims that arose during Plaintiff's incarceration at Pinckneyville (Counts 9-11).

    The claims remaining in this action did not survive threshold review under 28 U.S.C. § 1915. The Complaint was dismissed with prejudice as to Counts 10 and 11 and without prejudice as to Count 9, all for failure to state a claim upon which relief may be granted. With respect to Count 9, Plaintiff was allowed until March 8, 2018 to file a First Amended Complaint. That deadline has now passed. Plaintiff has not filed a First Amended Complaint. He also has failed to request an extension of the deadline for doing so.

    As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir.

1

1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur an additional "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: 3/20/2018**

**s/ Nancy J. Rosenstengel**
**United States District Court**
